IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATHANIEL NEILL and ALICIA NEILL,  )
                                    )
      Plaintiffs,                )
                                    )
v.                                  )  Case No. CIV-13-627-D
                                    )
STATE FARM FIRE AND CASUALTY        )
COMPANY and JACK STOUT,             )
                                    )
      Defendants.               )

**O R D E R**

This case was removed to this Court from the District Court of Woodward County, Oklahoma, on June 18, 2013, by Defendant State Farm and Casualty Company ("State Farm") with the consent of Defendant Jack Stout. *See* Notice of Removal [Doc. No. 1]. The basis for removal was that diversity of citizenship exists between Plaintiffs and Defendant State Farm and that Defendant Stout had been fraudulently joined to defeat diversity and prevent removal.

Plaintiffs have now filed a motion to remand [Doc. No. 7]. Initially, Plaintiffs argue that State Farm's Notice of Removal, filed June 14, 2013, was untimely. This is so, they assert, because Defendant State Farm consistently and continuously complained from the time they received Plaintiffs' state court petition that no legitimate cause of action could be maintained against it or Defendant Stout. Indeed, Defendants filed a motion to dismiss on December 28, 2012, in which they argued, *inter alia*, that Plaintiffs had failed to allege fraud with the required particularity and that Plaintiffs' negligent underwriting and breach of

fiduciary duty claims are impermissible conspiracy claims based on conclusory allegations that Defendants acted in concert. *See* Exhibit 6-1 to Notice of Removal. Defendants' motion to dismiss was denied by the State Court. *See* Exhibit 6-7 to Notice of Removal. Apparently, according to Plaintiffs, Defendants reurged their motion to dismiss and reurged some of their arguments in a motion for protective order filed April 26, 2013. Thus, Plaintiffs argue "it is apparent that from December 28, 2012, through April 26, 2013, State Farm certainly believed Plaintiffs simply had no chance of success." *See* Motion to Remand at p. 8. Plaintiffs also state that "[t[he record shows by March 9, 2013, Stout believed he could sustain a defense barring Plaintiffs' claims under a statute of limitations defense." *Id.* But the portion of the record to which Plaintiffs apparently refer is not before the Court. Defendants did not attempt to remove this case until June 14, 2013.

The Court cannot say that Defendants' Notice of Removal was untimely based on Plaintiffs' arguments. The motion to dismiss filed by Defendants in state court in no way suggests that it is impossible for Plaintiffs to recover from Defendant Stout. The motion to dismiss identifies only <u>pleading</u> deficiencies. The Court is not persuaded that the time for removal of this case began with service of the petition. *See* 28 U.S.C. §1446(b)(1). In fact, Defendants likely could not have ascertained that Defendant Stout had been fraudulently joined until they took Plaintiffs' depositions on May 28, 2013, as discussed *infra*, or until they received the transcripts of those depositions. *See* Exhibits 1 and 3 to Defendant State Farm's Response to Plaintiffs' Motion to Remand [Doc. No. 9]. The Court therefore finds

that Defendant State Farm's Notice of Removal filed on June 14, 2013, was timely. *See* 28 U.S.C. § 1446(b)(3).

Secondly, Plaintiffs argue that Defendants have not met their burden of showing that Defendant Stout was fraudulently joined.

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and in making that determination all factual and legal issues must be resolved in favor of the plaintiff. *Id*. To prove its allegation of fraudulent joinder, Defendant State Farm must demonstrate that there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant Stout in state court. *See Monsanto v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1-2 (10th Cir. April 14, 2000) (unpublished). The non-liability of the allegedly fraudulently joined party must be established with complete certainty on undisputed evidence. *See Smoot v. Chicago, Rock Island & Pacific R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). When fraudulent joinder is alleged, as here, the Court can pierce the pleadings, "consider the entire record, and determine the basis of joinder by any means available." *Id*. And if fraudulent joinder is established, the Court may properly retain the case and dismiss the fraudulently joined defendant. *See id.*

The testimony of Plaintiffs in their depositions taken on May 28, 2013, shows there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant Stout, a State Farm insurance agent who sold Plaintiffs the homeowners' insurance policy that is the subject of this suit. Plaintiff Nathaniel Neill testified that he didn't even know what his policy limits were, and didn't know whether the damage to Plaintiffs' property exceeded the policy limits. *See* Deposition of Nathaniel Neill (Exhibit 1 to Defendant State Farm's Response to Motion to Remand) at p. 116. Mr. Neill testified that in a meeting with Stout they went over the amount of coverages but he didn't remember much about it. *Id.* at 173-74. He testified that to his knowledge, they hadn't changed anything about the policy from 2006 to the present. *Id.* at 174. To Mr. Neill's recollection, the only time he and his wife met with Defendant Stout was one time in 2006 before they closed on the purchase of their home. *Id.* at 175.

Mr. Neill did not recall Defendant Stout assisting him in filling out the application for homeowner's insurance. *Id.* at 176. When asked how he and Defendant Stout came up with the coverage limits for the home, Mr. Neill stated that he assumed it came from the appraisal – he didn't remember – and that he didn't know if the number came from Stout. *Id.* at 179. He testified that he had never had any discussions with Stout about the amount of insurance on the home other than the one meeting in 2006 and had never had any discussions with him about premiums. *Id.* at 179-80. When asked to explain his understanding of the allegations made against Stout in the lawsuit, Mr. Neill testified as follows:

> I think that there could have been better work there to discuss and to raise limits if they needed to be raised. I don't think that it was - - I don't think that it should be - - be solely - - I don't know what I'm trying to say here. I think he should have worked better, I guess, to get those limits where they should have been.

*Id*. at 181. Mr. Neill testified that the limits for the dwelling extension should have been higher. *Id*. However, as to the main structure, he agreed State Farm had not paid the policy limit and he didn't know whether the limit was enough to repair the property because he hadn't done anything to repair it. *Id*. at 181-82.

When asked if Stout made any misrepresentations that are the basis of this lawsuit, Mr. Neill said he "felt" that "Jack [Stout] allowed that we were covered through everything be it hell or high water, . . . that our coverages were going to be able to cover everything [but] it turns out that they're either not or lacking." *Id*. at 186-87. However, Mr. Neill admitted that there was nothing preventing him from doing his own research as to how much coverage was needed or sitting down with Stout to go over the coverages again to be sure he had enough. *Id*. at 187. Mr. Neill also acknowledged that if he felt his premiums were too high, he could have gone to his agent and asked what he was paying for, but he didn't do that. *Id*. at 188. He further testified that he had no idea what he'd paid in annual premiums on the home or what the replacement value of his home was. *Id*. at 188-89. Finally, Mr. Neill testified that he had no evidence that Stout was the one who selected the coverage amount of his homeowner's insurance, *id*. at 191; that he had suffered no financial distress as a result of Stout's or State Farm's conduct, *id*. at 193; and that Plaintiffs chose to sue Stout in this

5

case because he didn't give them enough insurance to cover the damage they had to their home. *Id.*

Plaintiff Alicia Neill's testimony essentially echoed that of her husband. She testified there had been only one meeting or conversation with Stout about the policy since 2006. Deposition of Alicia Neill (Exhibit "4" to Notice of Removal) at p. 82. Mrs. Neill did not remember any discussions with Stout concerning the appropriate amount of coverage or premiums on the policy. *Id*. at 91 & 93. She never contacted Stout's office as to whether the coverages were too high or too low. *Id.* at 92. She confirmed that Plaintiffs' claims arose out of the dwelling extension being too low, *id*. at 93-94; but she deferred to her husband as to any misrepresentation made by Stout. *Id*. at 93-95.

It is obvious that Plaintiffs cannot recall how the amount of their coverages were determined but that Defendant Stout went over the coverages with Plaintiffs. Thus, it is impossible for Plaintiffs to show that Stout was negligent in the procurement of Plaintiffs' policy, i.e., through his fault the insurance procured was not as promised and Plaintiffs suffered a loss. *See* Petition (Exhibit 1 to Notice of Removal) at ¶ 33. Accordingly, Plaintiffs cannot establish their negligence claim against Stout. *See id*. at ¶¶ 31-38 (Third Cause of Action). Plaintiffs' testimony also does not support their claim for constructive fraud and negligent misrepresentation. *See* Petition at ¶¶ 42-47 (Fourth Cause of Action). Indeed, their testimony shows it is impossible for Plaintiffs to recover on this claim because they have admitted that Stout went over all of the coverages with them. The same is true as to Plaintiffs' claim against Stout for "negligent underwriting," *see* Petition at ¶¶ 51-60 (Fifth

6

Cause of Action), and their claim for breach of fiduciary duty, which is based on his alleged failure to procure the insurance coverages they requested, *see* Petition at ¶¶ 63-65 (Sixth Cause of Action).

Defendant State Farm has met its burden of showing, based on the record herein, that there is no possibility that Plaintiffs would be able to establish any of their causes of action against Defendant Stout in state court. Moreover, Defendant State Farm's Notice of Removal was timely under 28 U.S.C. § 1446(b)(3).

In accordance with the foregoing, Plaintiffs' motion to remand [Doc. No.7] is DENIED and Defendant Jack Stout is DISMISSED as fraudulently joined.

IT IS SO ORDERED this 21st day of January, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE