IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHANIEL NEILL and ALICIA NEILL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY, *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-13-627-D |

# **O R D E R**

Before the Court is Plaintiffs' Rule 56(d) Motion and Alternatively Plaintiffs' Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment [Doc. No. 37]. Plaintiffs contend that Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 31] was filed prematurely on October 15, 2014, before Plaintiffs had received a sufficient opportunity to complete necessary discovery. Plaintiffs' Motion, which is accompanied by an affidavit of counsel as required by Fed. R. Civ. P. 56(d), points to recent and pending discovery disputes[1] and to the fact that an affidavit of a previously undisclosed witness was submitted in support of Defendant's Motion for Summary Judgment. At the least, Plaintiffs seek additional time to respond in the manner required by Fed. R. Civ. P. 56.

---

[1] One dispute was the subject of an Order issued October 17, 2104, and another was the subject of a hearing on December 8, 2014. Plaintiffs state that they also anticipate filing a motion to compel written discovery from Defendant unless an agreement can be reached.

Defendant State Farm Fire and Casualty Company ("State Farm") opposes Plaintiffs' Motion on the grounds that they have made an insufficient showing to warrant relief under Rule 56(d). State Farm argues that the areas of discovery identified by Plaintiffs' counsel are unnecessary to the issues raised in its summary judgment motion and that the discovery delays of which Plaintiffs complain are the fault of their own counsel. State Farm states that the affidavit submitted in support of summary judgment is simply a "business records" affidavit regarding documents in Plaintiffs' possession for more than 20 months. *See* Def.'s Resp. Br. [Doc. No. 44], ¶ 6.

Rule 56(d) authorizes the Court to defer or deny a motion for summary judgment, or allow time to obtain affidavits or take discovery, where a nonmovant shows it cannot present facts essential to justify its opposition. Upon consideration of the parties' briefs, an examination of State Farm's Motion for Summary Judgment, and a review of the case record, the Court finds that State Farm's Motion should be denied, without prejudice to refiling, as prematurely filed under the circumstances. The Motion for Summary Judgment addresses only Plaintiffs' breach of contract and bad faith claims, rather than all claims asserted against it in Plaintiffs' pleading.[2] Also, State Farm's Motion was filed while substantial discovery activities were ongoing, which likely will result in a need for a significant amount of supplemental briefing as additional facts come to light. From the record, it appears that no party has yet filed a final witness or exhibit list and that discovery is far from complete. The

---

[2] By the Order of January 21, 2014, the Court found that Defendant Jack Stout had been fraudulently joined and dismissed Plaintiffs' action against him. Defendant State Farm Fire and Casualty has not sought, and the Court has not made, any disposition of Plaintiffs' additional claims against it.

Court finds that an orderly disposition of the case is best achieved through a denial of the Motion for Summary Judgment without prejudice to refiling, rather than simply deferring a ruling until later. State Farm's interest in a summary adjudication of all claims would best be served by permitting the filing of a more thorough summary judgment motion that addresses all pending claims.[3]

IT IS THEREFORE ORDERED that Plaintiffs' Rule 56(d) Motion [Doc. No. 37] is GRANTED. Defendant's Motion for Summary Judgment [Doc. No. 31] is DENIED without prejudice to refiling at a later time.

IT IS SO ORDERED this 12th day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to LCvR56.1(a), State Farm can file only one summary judgment motion without leave of court.