IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHANIEL NEILL and ALICIA NEILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-627-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

This matter comes before the Court upon Plaintiffs' Motion for Leave to File Amended Complaint to Add Party [Doc. No. 100], filed June 19, 2105. Defendant State Farm and Casualty Company ("State Farm") opposes the Motion, which is fully briefed.

Plaintiffs filed suit in the District Court of Woodward County, Oklahoma, on November 28, 2012, and following removal to federal court on June 14, 2013, the case has proceeded under their state court petition asserting claims against State Farm for breach of contract, insurer's bad faith, vicarious liability for the alleged negligence of State Farm's agent in procurement of their homeowner's insurance policy, vicarious liability for the agent's alleged negligent misrepresentation and constructive fraud regarding the policy, negligent underwriting, and breach of fiduciary duty. State Farm removed the case based on diversity of citizenship between Plaintiffs and State Farm and the alleged fraudulent joinder of the nondiverse agent, Jack Stout, who was named as a defendant in the petition without any factual basis for a suit against him. Plaintiffs unsuccessfully moved to remand the case,

and Mr. Stout was dismissed as a party who had been fraudulently joined to defeat diversity and prevent removal. *See* Order of January 21, 2014 [Doc. No. 11].

By the instant Motion, Plaintiffs seek to amend their pleading to add claims against Mr. Stout and join him as a party to the action. They invoke Fed. R. Civ. P. 15(a)(2), which directs district courts to "freely give leave [to amend] when justice so requires" and Fed. R. Civ. P. 20(a)(2), which permits joinder of defendants for claims "arising out of the same transaction, occurrence, or series of transactions or occurrences." Plaintiffs contend that facts developed during discovery, including Mr. Stout's deposition taken on December 4, 2014, and the deposition of the claims adjuster, Steven McClure, on January 22, 2015, now provide a basis for claims against Mr. Stout similar to those originally asserted. Plaintiffs contend that State Farm will not be prejudiced by the proposed amendment because it has been on notice from the beginning of potential claims against Mr. Stout.

State Farm objects to the requested amendment as untimely, unnecessary (due to the vicarious liability claims against State Farm), and futile because the proposed claims "are legally unsound and/or time-barred." *See* Def.'s Resp. Br. [Doc. No. 104], p.5. State Farm notes that Mr. Stout's deposition was taken months ago, before State Farm filed a motion for summary judgment on April 4, 2015, that is fully briefed and pending before the Court for decision. Even if this motion is not dispositive, discovery has been completed, and the only remaining deadlines are ones for filing trial submissions after the Court issues a summary judgment ruling. State Farm also contends that Plaintiffs are again merely attempting to

destroy diversity and defeat federal jurisdiction, and that the Motion is governed by 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

State Farm argues that Plaintiffs' Motion should be denied based on application of the *Hensgens* factors. In *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), the court held that in deciding whether to permit an amended pleading in a diversity case that would join a nondiverse party who is not indispensable, a district court must "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." The court articulated the following factors: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In reply, Plaintiffs deny gamesmanship or forum shopping. They also question the applicability of § 1447(e), arguing that Mr. Stout is not a "new party" because he was named at the outset of the lawsuit. *See* Pls.' Reply Br. [Doc. No. 108], p.4. Assuming the *Hensgens* factors apply, Plaintiffs argue that joinder and remand are warranted because they have not been dilatory and will otherwise have no choice but to file a separate action against Mr. Stout and pursue parallel lawsuits in state and federal courts.

3

Upon consideration, the Court finds that the decision whether to permit the joinder of Mr. Stout is governed by § 1447(e). In a diversity case in which a nondiverse defendant is fraudulently joined, the nondiverse party is disregarded for jurisdictional purposes, not unlike a "John Doe" defendant whose citizenship is disregarded. *See* 28 U.S.C. § 1441(b)(1). "Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Similarly here, the Court will look to § 1447(e) to guide its exercise of discretion under Rule 15(a)(2) and Rule 20(a)(2) whether to permit Plaintiffs to reinstate their claims against Mr. Stout and cause the case to be remanded.

"In exercising this discretion, the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'" *McPhail*, 529 F.3d at 952 (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). These factors are similar to the *Hensgens* factors, which have been endorsed by a number of federal appellate courts. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 675 (1st Cir. 1994); *see also Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840 (3d Cir. 2014).

Upon application of the pertinent factors in this case, the Court concludes that the proposed amendment should not be allowed. Notwithstanding Plaintiffs' effort to blame State Farm for some of the discovery delays that occurred, Plaintiffs fail to explain why they made no effort to reinstate their claims against Mr. Stout until weeks after State Farm had moved for summary judgment. Plaintiffs first initiated this effort by moving on May 27, 2015, to file the Motion under seal, even though it is based on deposition testimony given by Mr. Stout in December 2014. Under these circumstances, the Court finds that the request was unduly and inexplicably delayed.

The Court also is not persuaded that denial of the amendment will cause significant injury or prejudice to Plaintiffs. The same claims which Plaintiffs propose to add against Mr. Stout are presented in their existing pleading as vicarious liability claims against State Farm. If Plaintiffs' claims are proven in this case, a second suit would be unnecessary because Plaintiffs could not obtain a second recovery of the same damages. Further, given the fact that Plaintiffs are seeking to add substantially the same claims initially asserted – without any factual basis – in their original pleading against Mr. Stout, after discovery has been completed and State Farm's motion for summary judgment is pending for decision, the Court concludes that Plaintiffs are indeed forum shopping and attempting to deprive State Farm of its right to a federal forum.

For these reasons, the Court finds that State Farm's interests in maintaining this case in federal court outweigh the competing interests of not having parallel lawsuits.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint to Add Party [Doc. No. 100] is DENIED.

IT IS SO ORDERED this 3rd day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE