IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATHANIEL NEILL and ALICIA NEILL, )
)
        Plaintiffs, )
)
v. )   Case No. CIV-13-627-D
)
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
        Defendant. )

## **O R D E R**

Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Stay Ruling on Discovery Motion Pending Ruling on Dispositive Motion [Doc. No. 116]. Plaintiffs have responded in opposition to the Motion to Stay, which is fully briefed.[1]

Defendant seeks a stay of discovery until the Court rules on Defendant's Motion for Summary Judgment [Doc. No. 68]. Specifically, Defendant urges the Court to reserve for later decision two pending discovery motions filed by Plaintiffs, in the exercise of the Court's inherent authority to manage its docket for the efficient use of judicial resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). Defendant believes its pending dispositive motion will, at the least, eliminate certain claims or issues for trial and narrow the scope of relevant discovery. Defendant argues that the current discovery disputes concerning the Rule 30(b)(6) deposition of its designated corporate representative, Kenneth Kwok, may be significantly affected by the Court's

---

[1] The time to file a reply brief pursuant to LCvR7.1(i) has expired with no filing by Defendant.

summary judgment ruling, and that substantial resources of the Court and the parties could be saved if the remaining discovery matters are stayed until a summary judgment decision is made.

Plaintiffs disagree. They contend Defendant has failed to show "any good cause" to delay a ruling on their pending discovery motions, which are fully briefed, until a summary judgment ruling is issued. *See* Pls.' Resp. Br. [Doc. No. 121], p.2. Although not cited in Plaintiffs' brief, they presumably rely on the "good cause' requirement of Fed. R. Civ. P. 16(b)(4) to modify a case schedule. Plaintiffs also argue the merits of their pending motions regarding the Rule 30(b)(6) deposition of Defendant's designee, which has been the subject of prior discovery disputes and Court rulings. Plaintiffs assert that "because the Court has already determined that the testimony is relevant and goes directly to the facts and issues in dispute in this case, Plaintiffs should have the benefit of this testimony to either supplement their response to the summary judgment [motion] before an adjudication is made or have utilization of the testimony for trial." *See* Pls.' Resp. Br. [Doc. No. 121], p.4. Plaintiffs' objection is thus based on a general proposition that Defendant's belief in the strength of its summary judgment position is not a sufficient reason to put Plaintiffs' case on hold while waiting for the Court's ruling.

Upon consideration, the Court finds it difficult to assess the premise of Defendant's request for a stay of outstanding discovery matters – the potential impact of its pending dispositive motion – before that motion is considered. But several pertinent facts seem clear.

First, there are two pending motions regarding Mr. Kwok's deposition: 1) Plaintiffs' Motion to Compel Substitute Corporate Designee [Doc. No. 112]; and 2) Plaintiffs' Motion to Strike the Designation of Deposition Transcript of Kenneth Kwok as Confidential [Doc. No. 115]. The first seeks a judicial determination that the representative designated by Defendant to testify pursuant to Rule 30(b)(6) was unprepared to address topic number 7 in Plaintiffs' original notice. *See* Notice to Take Dep. Pursuant to Fed. R. Civ. P. 30(b)(6), Ex. A [Doc. No. 26], p.4. Plaintiffs ask the Court to compel Defendant to identify a substitute designee to testify regarding this topic. The second motion seeks a ruling regarding Defendant's blanket designation of Mr. Kwok's entire deposition transcript as confidential under the Agreed Protective Order. Plaintiffs candidly admit this dispute "has no bearing on anything, other than how the transcript can be used in this case and in the future." *See* Pls.' Resp. Br. [Doc. No. 121], p.9.

Second, no additional discovery is needed before a summary judgment ruling can be made; Plaintiffs have already filed their response. Plaintiffs erroneously state they have "requested leave to supplement [their summary judgment response] upon the conclusion of Mr. Kwok's deposition." Pls.' Resp. Br. [Doc. No. 121], p.8 (citing Pls.' Resp. Def.'s Motion Summ. J. [Doc. No. 101], pp. 26-27). The case record shows, however, that Defendant's pending summary judgment motion is fully briefed and ripe for decision. Plaintiffs filed a Rule 56(d) motion but the motion was denied, except an extension of the

deadline to respond was granted. *See* Order 6/5/15 [Doc. No. 92].[2] No further motion to defer a summary judgment ruling or permit the submission of additional discovery materials has been made. Plaintiffs' reference only to argument in their summary judgment brief makes clear that Plaintiffs have not filed a motion to expand the summary judgment record with any additional testimony sought or later obtained through Mr. Kwok's deposition (or the deposition of another corporate designee, if Plaintiffs' motion to compel is granted).

Third, the Court granted the parties' joint motion to extend all trial-related deadlines in the case pending a summary judgment ruling. Under the existing case schedule, all that remains to be done if Defendant does not prevail on its dispositive motion are for the parties to file their trial submissions and, if Plaintiffs' motion to compel a substitute designee is granted, for an additional corporate representative to be deposed on a single topic. The order deferring trial submissions is a customary practice of this Court, which also routinely grants joint motions to stay other unexpired deadlines pending a ruling on dispositive motions. The Court has adopted this practice due to the time savings that often result from postponing litigation activities that may be significantly affected, or even nullified, by a summary judgment ruling.

Under the circumstances shown by the record in this case, it appears that a stay of the remaining limited discovery matters will not cause any real prejudice to Plaintiffs but may

---

[2] The Court denied Defendant's initial motion for summary judgment as premature pursuant to Fed. R. Civ. P. 56(d). *See* Order 12/12/14 [Doc. No. 51]. The pending motion was filed April 6, 2015, and briefing was complete upon the filing of Defendant's reply brief on July 2, 2015.

result in substantial savings of time and resources by the Court and the parties if there is any merit in Defendant's summary judgment motion.[3]  Accordingly, the Court finds that a brief stay of discovery for the period of time needed to rule on Defendant's dispositive motion is warranted.  *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (no abuse of discretion to stay discovery that was not needed to resolve summary judgment motion).

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Ruling on Discovery Motion Pending Ruling on Dispositive Motion [Doc. No. 116] is GRANTED.  A ruling on Plaintiffs' pending discovery-related motions [Doc. Nos. 112 and 115] is stayed until the Court decides Defendant's Motion for Summary Judgment [Doc. No. 68].

IT IS SO ORDERED this 14th day of December, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The Court's customary practice regarding discovery disputes is to set the matter for an in-chambers personal conference of trial counsel lasting at least one hour, to be followed by a court hearing if the parties are unable to resolve the issues by agreement, and a written order.  Although the requirement of an in-chambers conference often results in an agreed resolution of the matter, both counsel and the Court must prepare for the hearing in advance of the conference.