IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATHANIEL NEILL and ALICIA NEILL, )
                                                    )
      Plaintiffs,                   )
                                                    )
v.                                                    )     Case No. CIV-13-627-D
                                                    )
STATE FARM FIRE AND CASUALTY  )
COMPANY,                               )
                                                    )
      Defendant.                  )

## **O R D E R**

Before the Court is Plaintiffs' Motion to Compel Live Attendance of State Farm Witnesses at Trial [Doc. No. 156]. Plaintiffs ask the Court either to require Defendant to produce nine potential witnesses at trial to testify in Plaintiffs' case in chief pursuant to an alleged agreement of counsel, or to authorize Plaintiffs to take trial depositions and file designations of deposition testimony after the deadline previously set by the Court. Defendant opposes the Motion, disputing Plaintiffs' understanding of prior communications between counsel and Plaintiffs' position regarding the Court's subpoena power.[1] Upon consideration of the issues presented for decision, the Court finds that a miscommunication between counsel occurred and that it should be easily sorted out with direction from the Court.

First, part of Plaintiffs' dilemma has been created by the parties' failure to comply with the requirement of Fed. R. Civ. P. 26(c)(3)(A)(i) and the Scheduling Order to identify

---

[1] Defendant also purports in its response brief to request the imposition of sanctions under Fed. R. Civ. P. 11. This request is procedurally improper under both LCvR7.1(c) and Rule 11(c)(2) and is, therefore, disregarded.

separately the witnesses a party intends to present and those it may call if needed.[2] To the extent Plaintiffs wish to utilize a witness in their case in chief that Defendant intends to call in its defense, the Court's customary trial practice avoids the problem of one side having control of a witness whose testimony is relevant to both sides of a case. The Court customarily has the witness take the stand only once and permits the parties to present all relevant testimony from the witness at that time. In keeping with this practice, the Court will direct Defendant to comply with its disclosure requirement and file a list of witnesses whom it will call to testify at trial. Further, the Court will require Defendant to make these witnesses available to Plaintiffs during their case in chief, and the Court will discuss with counsel at the pretrial conference the procedures that will be followed during the trial to insure the orderly presentation of evidence. This may eliminate some of the problem.

Second, Defendant correctly states that it has no obligation to present a particular witness at trial for Plaintiffs' convenience, although this is a matter usually resolved through reasonable cooperation among counsel. To the extent Plaintiffs wish to call a witness that will not voluntarily appear for trial, Defendant must provide the necessary information for the issuance of subpoenas to witnesses that it previously disclosed without providing an address other than its counsel's offices. This disclosure was also required by Rule 26(a)(3)(A)(i). Accordingly, as to the witnesses that Defendant does not intend to call and for whom Plaintiffs lack addresses, the Court will direct Defendant to provide the

---

[2] The Scheduling Order [Doc. No 16] expressly states: "The listing of witnesses and exhibits shall separately state those expected to be called or used and those which may be called or used if the need arises."

necessary information. Plaintiffs' counsel can then prepare trial subpoenas and take the necessary steps for service of witnesses within the subpoena power of the Court.

Third, as to any of the nine witnesses listed in Plaintiffs' Motion whom Defendant does not intend to call, and who are beyond the Court's subpoena power but are necessary to the presentation of Plaintiffs' case, Plaintiffs will be permitted to file a late designation of deposition testimony to be used at trial. If any such witness was not previously deposed, the Court will also permit Plaintiffs to take a trial deposition of that witness.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Live Attendance of State Farm Witnesses at Trial [Doc. No. 156] is GRANTED in part and DENIED in part, as set forth herein. Both parties are directed to file within 7 days of this Order a list of trial witnesses that identifies separately the witnesses whom they will call to testify in their respective cases in chief and the witnesses whom they may call if needed. For any witness listed as a "will call" trial witness by both parties who is within Defendant's control (as indicated by Defendant's previously disclosing only an address of its counsel), Defendant will be expected to present the witness at trial to testify according to the trial schedule to be discussed at the final pretrial conference.

IT IS FURTHER ORDERED that for any of the nine witnesses listed in Plaintiffs' Motion who is subsequently listed as a trial witness by Plaintiffs but not by Defendant, Defendant shall provide to Plaintiffs' counsel within 7 days from the date of this Order, the witness's home address and telephone number if that information was not previously provided.

IT IS FURTHER ORDERED that as to any witness whom Plaintiffs intend to call who will not appear voluntarily and who is beyond the subpoena power of the Court, Plaintiffs are authorized to file a designation of deposition testimony within 14 days from the date of this Order. Defendant shall file objections to Plaintiffs' designations and its counter-designations within 7 days thereafter. Plaintiffs shall file objections to Defendant's counter-designations, if any, within 7 days thereafter. If the witness has not been deposed, the parties shall make reasonable efforts to schedule the deposition by agreement; otherwise, within 14 days from the date of this Order, Plaintiffs shall file a motion to compel the deposition to be taken.

IT IS SO ORDERED this 13th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE